[Crim. No. 2500. Second Appellate District, Division Two.—May 9, 1934.]

THE PEOPLE, Respondent, v. EDWARD ROSALES, Appellant.

474

A. P. Coviello for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—Appeal by defendant from judgments of conviction entered on verdicts of guilty on two counts charging violations of the State Narcotic and Drug Act and a prior conviction, and from orders denying his motion for a new trial.

Police officers of Los Angeles were advised by an informant that he had purchased narcotics from defendant. The officers then went to a park where such purchases were said to have been made and for several days observed defendant there meeting several known addicts. Satisfying themselves that the informant had no narcotics in his possession, they gave him $2.50 in marked money and took him to the park rendezvous. After a few minutes the watching officers saw defendant approach such informant, talk with him and receive from him the marked money. Following a short conversation defendant left the informant, met some other men in the park and disappeared, re-appearing about forty minutes later in an automobile. The informant and a man named Saldivar then approached the car, and the officers saw defendant hand something to each of them, whereupon the arrest was made. As defendant stepped from the car six "bindles" of heroin dropped to the run-

ning-board. The officers took another "bindle" from the hand of the informant. The second man was arrested by an officer who saw him throw another "bindle" to the ground. The marked money was found in defendant's shirt pocket, and a chemical analysis of the contents of the eight packages so recovered showed it to be heroin of a prohibited strength.

In cross-examining the officer who arrested defendant, the latter's counsel brought out the fact that such officer told defendant that he (defendant) was peddling narcotics for a Mr. Rossi, that the informant had been buying narcotics from defendant and that the officer had watched defendant meet known addicts for two days prior to the arrest. Defendant took the stand and in effect denied knowledge of the narcotics produced at the trial or of selling any, testifying that the $2.50 was given him by the informant to buy oil and gas for a truck to be used to get two barrels of wine from out of the city. On cross-examination and without objection he was asked about the rendezvous at the park and meeting addicts there, and about Rossi. He was asked if Rossi was not a narcotic dealer from whom he purchased narcotics. Objection was made to this on the ground that it was not proper cross-examination and the objection was overruled. Asked if Rossi did not hire his attorney and was not the man who told the officers defendant bought narcotics in "ten bindles" at a time, counsel for defendant urged that such question constituted misconduct on the part of the district attorney, the court overruling such objection. Later on, however, the arresting officer was asked on cross-examination if he knew Rossi and if he saw him at the preliminary hearing of defendant, to which counsel for defendant made another assignment of misconduct in asking such question. The court struck the latter questions and answers on its own motion and instructed the jury to disregard them.

■ In view of the testimony given by the defendant on direct examination great latitude on cross-examination was permissible. Some of the questioning of defendant objected to had a bearing on the direct testimony given and tended to contradict, weaken or modify such testimony. Some of the questions did not, however, and in our opinion should not have been asked. In view of the fact that appellant by his

own cross-examination had already placed before the jury practically the same matter, we fail to see how it could be said that he was prejudiced; and considering the entire record, including the evidence, we do not see how the jury could have reached a different verdict. The court was not requested to admonish or instruct the jury to disregard such conduct on the part of the district attorney, or the questions asked, and under the circumstances and for the same reason no prejudice resulted because the objections made were overruled.

Appellant urges that there is no evidence that a sale was made. We think the evidence produced is very conclusive in that respect. It is not urged that the evidence of possession, charged in the second count, is not sufficient.

Judgments and orders affirmed.

Stephens, P. J., and Desmond, J., concurred.